UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RONALD JARMUTH, | ) | |
| | ) | Civil Action No.: 4:16-cv-242-RBH-TER |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | REPORT AND RECOMMENDATION |
| State of South Carolina, and | ) | |
| Horry County Court of Common Pleas, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Ronald Jarmuth ("Plaintiff"), proceeding pro se, initiated this civil action by filing a Complaint on January 26, 2016.[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. After review, and for the reasons set forth herein, the Complaint in this action should be summarily dismissed.

FACTUAL ALLEGATIONS

In his Complaint, Plaintiff provides the following statement of claim:

This action is brought by the Plaintiff Ronald Jarmuth:

a.   To enjoin and remedy retaliation against him for filing a housing discrimination claim, as provided for under 42 USC 3611, 3613, and 3617; and

b.   to enforce rights and to redress the deprivation of those rights which he holds pursuant to Article IV of the United States Constitution, and under the 4th, and 14th Amendments to the United States Constitution and pursuant to 28 USC 1343(a)(3). This Court has Subject Matter jurisdiction pursuant to 28 USC 1331, 28 USC 1343, and supplemental jurisdiction under 28 USC 1367 to address any related issue not clearly a federal right or privilege. Additional jurisdiction if present pursuant to 42 US Code § 3617.

Compl. at 3.

---

[1]Plaintiff also filed a "Motion for a Temporary Restraining Order Without Notice or for Temporary Injunction or Temporary Restraining Order on Notice" on January 27, 2016.

By way of background, it appears that Plaintiff filed a civil action, 2009-CP-26-3596, in the Horry County Court of Common Pleas, arising out a dispute between Plaintiff and the state court Defendants: International Club Homeowner's Association, Inc., Rosemary Toth (a former President of the HOA), and K.A. Diehl & Associates, Inc.  The case was referred to a special referee, who entered an ordered dismissing Plaintiff's claims, awarding judgment against Plaintiff, and granting injunctive relief against Plaintiff. See  Jarmuth v. Int'l Club Homeowners Ass'n, Inc., 2015 WL 904947, at *4 (S.C. Ct. App. Mar. 4, 2015). Plaintiff appealed. Id. On appeal, Plaintiff argued: (1) the special referee denied him a fair trial; (2) the special referee did not address all of his issues; (3) the International Club Homeowners Association, Inc. (the Association) did not have any rights under the declaration of covenants and restrictions; (4) the South Carolina Nonprofit Corporation Act preempted the declaration of covenants and restrictions; (5) K.A. Diehl & Associates, Inc. (K.A.Diehl) and the Association were liable to him for defamation and invasion of privacy; (6) Rosemary Toth and K.A. Diehl were liable to the Association for mishandling Association funds; (7) certain covenant obligations under the declaration of covenants and restrictions were voidable personal service contracts; (8) he was entitled to the approval of various modifications to his unit; (9) Pebble Creek and the Villas were not subject to the declaration of covenants and restrictions; (10) certain waivers of covenants contained within the first amendment to the declaration of covenants and restrictions were general waivers; (11) Horry County owned certain roads within the International Club community free of covenant restrictions; (12) the Association illegally withheld the voter list from him; and (13) the Association was not entitled to attorney's fees. Id. The Court of Appeals affirmed the decision of the special referee. Id. Plaintiff filed a writ of certiorari to the

Supreme Court of South Carolina, which was denied on January 15, 2016. Doc. # 1-7. Plaintiff indicates that he has a Motion to Vacate, filed pursuant to SCRAP 60(b)(2) and (3), still pending in the state courts. Compl. at 2.

Plaintiff initially asserts that the five thousand dollars in attorney's fees he has been ordered to pay pursuant to a state court Order in Civil Action 2009-CP-26-3596 is in retaliation for a claim that Plaintiff filed with the South Carolina Human Affairs Commission[2] against the International Club Homeowner's Association, Inc. Compl. at 3. He further argues that there is no statutory authority for any attorney's fee award.[3] Id. The remainder (and the bulk of ) of Plaintiff's Complaint

---

[2]In correspondence filed with the Court on February 3, 2016, Plaintiff included a copy of the Complaint filed with the South Carolina Human Affairs Commission which provides in relevant part:
> I have children under the age of 18; therefore, I belong to a class of persons whom that act protects from discrimination. I requested approval of a child's swing set to be erected on the right side of my house. On August 25, 2009, the Architectural Review Board denied my request, stating "The installation of a swing set on the side of a home which is visible to the street and infringes on other homeowner's enjoyment of their property is prohibited." I contend that the reason given is pretextual in that other residents have objects erected in their yards that are visible to the street. I believe that my neighbor and Board member Jay Cartman, acted in his capacity as a Board member and used his influence to sway the Board to reject my request because I believe that he does not want children near his home. I therefore believe that I am being discriminated against on the basis of familial status, in violation of the Fair Housing Act.

Doc. # 10-2.

[3]Plaintiff attaches to his Complaint what he represents to be "Direct testimony at trial by IHOA President August 10, 2012 re Attorney Fees" and an excerpt from the Special Referee's "Final Order September 10, 2012 re Attorney Fees." See Doc. # 1-1. The trial testimony indicates that five thousand dollars was paid in attorney's fees in actions to enforce the covenants at issue with respect to Plaintiff. See Doc. # 1-3. Additionally, the Order excerpt indicates that "Declaration Section 13.4 provides that should the Defendant HOA employ legal counsel to enforce the Declaration, Bylaws, or its Rules and Regulations, the owner shall pay the attorneys fees incurred by the Defendant HOA. The Special Referee awarded five thousand dollars in attorney fees noting that the state court action had lasted over three years, with much discovery and many issues raised by Plaintiff, culminating in a trial lasting three full days. See Doc. # 1-4.

alleges that the Defendants have violated Plaintiff's Constitutional and statutory rights by "ignoring [Plaintiff's] demands for declaratory judgments" and "refusing to make determinations" on the various issues he has litigated in connection with the dispute between Plaintiff and the International Club Homeowner's Association, Inc. See Complaint at 4, 5.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se pleadings. Plaintiff's Complaint is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[4] See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363–64 (2d Cir.2000). See also Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 307–308, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) (mentioning in dicta that "[s]tatutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); Pillay v. INS, 45 F.3d 14, 16–17 (2nd Cir.1995) (noting that where a pro se party filed an appeal and paid the filing fee, 1915(d) was not applicable, however, the court had "inherent authority, wholly aside from any statutory warrant,

---

[4]Authority in this district indicates that pre-screening, under 28 U.S.C. § 1915, is inapplicable in pro se, non-prisoner, fee-paid cases. See Bardes v. Magera, C/A No. 2:08–487–PMD–RSC, 2008 WL 2627134, at *8–10 (D.S.C. June 25, 2008) (finding persuasive the Sixth Circuit's opinion in Benson v. O'Brian, 179 F.3d 1014 (6th Cir.1999), that § 1915(e)(2) is inapplicable to actions that are not pursued in forma pauperis ); Key v. United States Dep't of Transp., No. 2:01–CV–3076–18RB (D.S.C. Dec. 7, 2001, Order) (finding that a pro se non-prisoner plaintiff has to invoke § 1915 before the pre-screening under § 1915 applies to the case). The undersigned is not conducting an initial review pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff has paid the filing fee.  See  Chase v. Greenville Tech. Coll., 2012 WL 6808967, at *1 (D.S.C. Dec. 13, 2012) report and recommendation adopted, No. CA 6:12-3376, 2013 WL 85161 (D.S.C. Jan. 8, 2013).

4

to dismiss an appeal or petition for review as frivolous").

This Court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"); see also, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (concluding that a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir.1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

JURISDICTION

Generally, a case can be originally filed in a federal district court if there is diversity[5] of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.[6] Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir.1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir.1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 337, 16 S.Ct. 307, 40 L.Ed. 444 (1895)). Accordingly, a federal court is required, sua sponte, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352.

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650 (4th Cir.1988) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting

---

[5]From the face of the Complaint, there does not appear to be diversity jurisdiction in this matter.

[6]Although Plaintiff mentions the Americans With Disabilities Act in the context of the fees assessed in relation to an Amenity Center under the International Home Owner's Association Declarations and Covenants, Plaintiff fails to allege a prima facie showing of discrimination under the ADA sufficient to withstand scrutiny under Iqbal and Twombly to establish federal question jurisdiction. See generally, Levy v. Denny's Corp., 2013 WL 5596925, at *6 (D.S.C. 2013)

jurisdiction have been clearly pleaded." Pinkley, Inc., 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3] (3rd edition 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir.1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

Plaintiff names as Defendants the State of South Carolina and the Horry County Court of Common Pleas. In sum, he is complaining about judicial decisions rendered by the Supreme Court of South Carolina, the Court of Appeals of South Carolina, the Circuit Court for Horry County and the Special Referee assigned to the state action. The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. See S.C. Const. Article V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); City of Pickens v. Schmitz, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); Cort Industries Corp. v. Swirl, Inc., 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and State ex rel. McLeod v. Civil and Criminal Court of Horry County, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).3 The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. See Bailey v. State, 309 S.C. 455, 424 S.E.2d 503 (1992).

The State of South Carolina and the courts of the State of South Carolina's unified judicial have Eleventh Amendment immunity in an action for damages. See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 122 S.Ct. 1864, 152 L.Ed.2d

7

962 (2002); Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); Kimel v. Florida Board of Regents, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000); Alden v. Maine, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); Belcher v. South Carolina Board of Corrections, 460 F.Supp. 805, 808–809 (D.S.C.1978); and Simmons v. South Carolina State Highway Dept., 195 F.Supp. 516, 517 (E.D.S.C.1961).

The plaintiff appears to have drafted his pleading to come within "injunctive relief" exception to the Eleventh Amendment. Frew ex. rel. Frew v. Hawkins, 540 U.S. 431, 124 S.Ct. 899, 157 L.Ed.2d 855 (2004) (Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law). Although the Eleventh Amendment does not bar actions for injunctive relief, this case is barred by case law prohibiting federal district courts, in non-habeas cases, from reviewing decisions issued by state courts. The Rooker–Feldman doctrine prevents a federal district court from exercising jurisdiction over a case brought by a "state court loser" challenging a state court judgment rendered before the district court proceedings commenced. Lance v. Dennis, 546 U.S. 459, 460 (2006); Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). Implicit in the doctrine is the recognition that only the United States Supreme Court has jurisdiction over appeals from final state court judgments. Lance, 546 U.S. at 463; Exxon, 544 U.S. at 283; see also 28 U.S.C. § 1257. In recent years, the Supreme Court has emphasized the narrowness of the doctrine. See Lance, 546 U.S. at 464 (listing examples of when the Rooker–Feldman doctrine does not apply); see also Exxon, 544 U.S. at 284.

Reacting to the Supreme Court's instruction in such cases as Exxon, the United States Court

of Appeals for the Fourth Circuit has clarified its prior analysis for determining whether the Rooker–Feldman doctrine applies, which, in reliance on Feldman, examined whether the issues raised in the federal lawsuit were so "inextricably intertwined" with the claims presented to the state court that they could have been raised in the state proceedings. Davani v. Virginia Dep't of Transp., 434 F.3d 712, 716 (4th Cir. 2006). Post–Exxon, the Fourth Circuit identifies the pertinent inquiry as whether the plaintiff's injury is *caused by* the state court judgment itself. Id. at 718. Other courts have adopted a similar test. See, e.g. Kovacic v. Cuyahoga County Dep't of Children & Family Servs., 606 F.3d 301, 309–310 (6th Cir. 2010); Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 87–88 (2d Cir. 2005); Galibois v. Fisher, 174 F. App'x 579, 580 (1st Cir. 2006); cf. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010)(identifying this inquiry as one of four elements that must be met for the Rooker–Feldman doctrine to apply). Thus, after Exxon, the proper inquiry examines the source of the plaintiff's injury: if the state court judgment caused the plaintiff's injury, the claim is barred, but a claim alleging another source of injury is an independent claim. Elyazidi v. SunTrust Bank, 780 F.3d 227, 233 (4th Cir. 2015); Rousseau v. Howard Cty., Md., 425 F. App'x 193, 195 (4th Cir. 2011).

Although the application of the Rooker–Feldman doctrine has been limited as outline above by in recent cases, see, e.g., Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), and Davani v. Virginia Dept. of Transportation, 434 F.3d 712 (4th Cir.2006), it remains well settled that appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only the Supreme Court of the United States may review a decision of a state court in a direct appeal. 28 U.S.C. § 1257. In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it

9

under 28 U.S.C. § 1257 or that statute's predecessors. See Green Tree Financial Corp. v. Bazzle, 539 U.S. 444, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003), reversing Bazzle v. Green Tree Financial Corp. 351 S.C. 244, 569 S.E.2d 349 (2002); Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992), reversing 304 S.C. 376, 404 S.E.2d 895 (1991); In Re Primus, 436 U.S. 412, 432–39, 98 S.Ct. 1893, 56 L.Ed.2d 417 (1978), reversing In Re Smith, 268 S.C. 259, 233 S.E.2d 301 (1977) (per curiam ); Edwards v. South Carolina, 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963), reversing State v. Edwards, 239 S.C. 339, 123 S.E.2d 247 (1961); and Murray v. Charleston, 96 U.S. 432, 443–49, 24 L.Ed. 760 (1878), reversing Jenkins v. Charleston, 5 S.C. 393 (1874). Cf. Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir.1975) (en banc ). In Bonner v. Circuit Court of St. Louis, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." See also 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); and Robart Wood & Wire Products v. Namaco Industries, Inc., 797 F.2d 176, 178 (4th Cir.1986)

In this case, Plaintiff specifically claims that he is challenging the attorney's fee award which is part of the final order in Civil Action 2009-CP-26-3596. Again, he names as defendants the State of South Carolina and the Horry County Court of Common Pleas. Furthermore, Plaintiff asks that this Court grant declaratory relief with regards to the various state law issues he has raised in his state litigation specific to the declaration of covenants and restrictions, as well as related relevant state statutes and common law. Clearly, Plaintiff is claiming that he has been injured by the state court decisions, and to rule in favor of Plaintiff on his claims would, necessarily, require this Court

10

to overrule (or otherwise find invalid) various orders and rulings made in the underlying state litigation. This Court lacks jurisdiction to hear this case under the Rooker-Feldman doctrine. Accordingly, this case is subject to summary dismissal as to all Defendants without issuance of service of process.

Plaintiff also has filed a request for a temporary restraining order. Plaintiff has not shown any basis for a TRO. A plaintiff seeking a TRO must show that:

(1)    he is likely to succeed on the merits,

(2)    he is likely to suffer irreparable harm in the absence of preliminary relief,

(3)    the balance of equities tips in her favor, and

(4)    an injunction is in the public interest.

Winter v. Nat. Resources Defense Council, 555 U.S. 7, 20 (2008); see also Munaf v. Geren, 553 U.S. 674, 689–690 (2008).

Plaintiff bears the burden of showing that each factor supports granting the injunction. Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir.1991). Plaintiff did not specifically mention these factors in his request for TRO or his Complaint. Although Plaintiff has made multiple filings with the Court, none suggest a proper basis for a TRO. Instead, Plaintiff asks the Court to enjoin the execution of an otherwise valid state court Order, which Plaintiff continues to litigate in state court. Hence, even aside from the lack of subject matter jurisdiction, Plaintiff's request for a TRO would be subject to denial because Plaintiff has not shown that he is likely to succeed on the merits. See generally, Saylor Marchant v. ACS, 2015 WL 7871230, at *4 (D.S.C. Nov. 4, 2015), report and recommendation adopted, 2015 WL 7854233 (D.S.C. Dec. 3, 2015).

**RECOMMENDATION**

Based upon the foregoing, it is recommended that Plaintiff's Complaint (Doc. # 1) be

summarily dismissed, without prejudice and without issuance and service of process, and that Plaintiff's outstanding motion be denied (Doc. # 7).

        Plaintiff's attention is directed to the important notice on the next page.

                                  s/ Thomas E. Rogers, III
                                  Thomas E. Rogers, III
                                  United States Magistrate Judge

February 8, 2016
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).