IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Ronald Jarmuth, | ) | Civil Action No.: 4:16-cv-00242-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina, and | ) | |
| Horry County Court of Common Pleas, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, proceeding *pro se*, brought this lawsuit against Defendants State of South Carolina and Horry County Court of Common Pleas alleging retaliation for filing a housing discrimination complaint, in violation of 42 U.S.C. § 3617, and "to enforce rights and to redress the deprivation of those rights which he holds pursuant to Article IV of the United States Constitution, and under the 4th and 14th Amendments." Compl., p. 3. Plaintiff requested injunctive relief and a declaratory judgment. This matter is now before the court with the [ECF No. 11] Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III,[1] filed on February 8, 2016. In the R & R, the Magistrate Judge recommends that the court should dismiss Plaintiff's complaint without prejudice. Plaintiff timely filed objections to the R & R. *See* Obj. [ECF No. 13].

### Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo*

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e), D.S.C.

determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### Discussion

In his R & R, the Magistrate Judge recommended summary dismissal of the Complaint in this case. *See* R & R at 12 ("[I]t is recommended that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process, and that Plaintiff's outstanding motion (for a temporary restraining order) be denied.")[2]. Plaintiff filed objections to this recommendation. Obj., ECF No. 13. In his objections, Plaintiff states that he "agrees that the Complaint as originally filed was flawed. The actual party retaliating against Plaintiff, the International Club Homeowners Association (referred to by Plaintiff as "IHOA") was not named in the Complaint." Obj., p. 2. On the same day that he filed his Objections, Plaintiff also filed a motion to amend the complaint to omit the State of South Carolina and the Horry County Court of Common Pleas as defendants and to substitute

---

[2] The Magistrate Judge reviewed the plaintiff's *pro se* Complaint pursuant to the inherent authority of the court to "ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous." R&R, p. 4.

the IHOA as a defendant.  He also lists Alan Wilson, Attorney General of South Carolina as "Third

Party Plaintiff".  In his proposed amended complaint, he requests declaratory and injunctive relief as

well as actual and punitive damages.

At the outset, it is apparent that the *pro se* plaintiff misunderstands third party practice under

the Federal Rules of Civil Procedure.  Under the Rules, the plaintiff names a defendant as a party and

the defendant, as a third party plaintiff, may bring in a third party defendant who "is or may be liable

to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1).  Also, when a claim is asserted

against a plaintiff in a lawsuit, "the plaintiff may bring in a third party if this rule would allow a

defendant to do so."  Fed. R. Civ. P. 14(b).  Therefore, the plaintiff's attempt to name Alan Wilson,

Attorney General of South Carolina, as a third party plaintiff is not allowed by the federal rules.

**Motion to Amend**.  Fed. R. Civ. P. 15 allows parties to amend their pleadings after obtaining

leave from the district court.[3]  Courts should grant parties leave to amend freely "when justice so

requires" and the decision whether to allow an amendment is in the discretion of the district court.

*Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987).  In considering a motion to amend, the Court must weigh

the following factors: prejudice to the opposing party, whether the movant acted in bad faith, whether

the amendment will cause undue delay, or if the party seeking to amend acted with a dilatory motive.

The Court must also determine whether the motion to amend was timely.  *Id*.  In the case at bar, the

opposing party (IHOA) would not be prejudiced because it is a new party.  It does not appear that the

*pro se* plaintiff acted in bad faith or with a dilatory motive.  The amendment would not cause undue

---

[3] Fed. R. Civ. P. 15 provides that a party may amend its pleading once as a matter of course within 21 days after serving it or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Here, the complaint has not been served and no responsive pleadings or motions have been filed. No opposing party has consented to the amendment.  Therefore, leave of court is required.

3

delay, as the lawsuit has not been served on any defendant.  The motion to amend is timely because the *pro se* plaintiff requested the amendment only four days after the issuance of the Report and Recommendation recommending summary dismissal of the original defendants.  In deference to the fact that the plaintiff is proceeding *pro se*, the Court will allow the amendment of the complaint to dismiss the Defendants State of South Carolina and the Horry County Court of Common Pleas; to substitute  the International Club Homeowners Association, Inc. as a defendant; and to amend other allegations of the complaint as contained in the proposed amended complaint (ECF No. 14).  The motion to amend is denied with respect to Plaintiff's attempt to add Alan Wilson, Attorney General of South Carolina, as a Third Party Plaintiff.

The case is recommitted to the Magistrate Judge for prescreening of the amended complaint and any further proceedings.

### Conclusion

The Court has thoroughly reviewed the entire record, including the R & R and objections, and applicable law.  The Plaintiff's [14] motion to amend is granted as set forth herein, and Defendants State of South Carolina and Horry County Court of Common Pleas are dismissed.  The International Club Homeowners Association, Inc. is added as a defendant.  Plaintiff's [7] Motion for Temporary Restraining Order is denied as moot.  The case is recommitted to the Magistrate Judge for further handling.

**IT IS SO ORDERED.**

                                          s/R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
June 8, 2016

5