UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RONALD JARMUTH, | ) | Civil Action No.: 4:16-cv-0242-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| THE INTERNATIONAL CLUB | ) | |
| HOMEOWNERS ASSOCIATION, INC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

In its Motion to Dismiss (Document # 45), Defendant has raised the affirmative defense of res judicata to Plaintiff's claims in this action. In determining whether res judicata applies, the court looks not just to the claims asserted in an earlier lawsuit, but to all claims that could have been brought. Nevada v. United States, 463 U.S. 110, 129–30, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983). To preclude claims not brought earlier, the court need only determine that they were "available" to the plaintiff in the first action. See generally Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 210–11 (4th Cir.2009).[1] Plaintiff's retaliation claim here arises in part from a counterclaim or counterclaims raised by Defendant in the previous state actions seeking attorney's fees and a fine. It is not entirely clear from the record presented whether the retaliation claim raised here was "available" to Plaintiff in the previous state actions. Therefore, **within ten days of the date of this order**, the parties are directed to provide additional argument and court records, if applicable, addressing this issue.

**IT IS SO ORDERED.**

                                                  s/Thomas E. Rogers, III
                                                  Thomas E. Rogers, III
                                                  United States Magistrate Judge

January 10, 2017
Florence, South Carolina

---

[1] The Fourth Circuit noted the issue here but declined to address it. Clodfelter v. Republic of Sudan, 720 F.3d 199, 210–11 (4th Cir.2013); but see Taylor v. Norfolk Southern Ry. Co., 86 F.Supp.3d 448, 460-61 (M.D.N.C. 2015).