UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ronald Jarmuth, | Civil Action No.: 4:16-cv-00242-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| The International Club Homeowners Association, Inc., | |
| Defendant. | |

Plaintiff, proceeding *pro se*, brought this action against his homeowners association, Defendant International Club Homeowners Association, Inc. ("ICHOA"). Pending before the Court is Defendant's [ECF No. 45] motion to dismiss for failure to state a claim. The motion is before the court with the Report and Recommendation [ECF No. 68] of Magistrate Judge Thomas E. Rogers, III filed on January 23, 2017.[1] The Magistrate Judge recommended that Defendant's motion to dismiss be granted because Plaintiff's claims were barred by the doctrine of res judicata. Plaintiff timely filed objections [ECF No. 71] to the Magistrate Judge's Report and Recommendation on February 7, 2017. Defendant filed a reply to Plaintiff's objections [ECF No. 73], and Plaintiff filed a sur-reply. [ECF No. 74].

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo*

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2).

determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections.  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations."  *Id.*  Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).   However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Rule 12(b)(6) Standard

When deciding a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pled facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).  A complaint must state a "plausible claim for relief" to survive a 12(b)(6) motion to dismiss. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The Court will not dismiss the plaintiff's complaint so long as he provides adequate detail about his claims to show he has a "more-than-conceivable chance of success on the merits." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Once a claim has been

stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.  A complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  However, when a plaintiff's assertions "amount to nothing more than a 'formulaic recitation of the elements' " of a cause of action, the Court may deem such allegations conclusory and not entitled to an assumption of veracity. *Iqbal*, 556 U.S. at 681 (quoting Twombly, 550 U.S. at 555).

## Discussion

Plaintiff asserts in his amended complaint that he brings this action to: 1) enjoin and remedy alleged retaliation against him by Defendant International Club Homeowners Association, Inc. ("ICHOA") for filing a housing discrimination claim on August 27, 2009 with the South Carolina Human Affairs Commission, as provided for under 42 U.S.C. §§ 3611, 3613 and 3617; and 2) to obtain Declaratory Judgments as to the mutual rights and obligations between Plaintiff and Defendant pursuant to 28 U.S.C. § 1343(a)(3) and S.C. Code Ann. § 15-53-30. [Amended Complaint, ECF No. 21, at ¶ 1].

Litigation between Plaintiff and ICHOA has been ongoing since April 7, 2009, when Plaintiff filed a state court action against the ICHOA asserting the same declaratory judgment actions as the Complaint in this case.  The Magistrate Judge's Report and Recommendation adequately sets forth the lengthy procedural history of the state court actions between Plaintiff and ICHOA, which the Court incorporates herein by reference. *See* [Report and Recommendation, ECF No. 68, pgs. 2-6].  The Magistrate Judge found that Plaintiff's claims in the present case were barred by the doctrine of res judicata or claim preclusion.  As to Plaintiff's retaliation claim, the Magistrate Judge found that Plaintiff could have asserted the present FHA retaliation claim in his December 20,

2011 state court answer and counter-claim. As to Plaintiff's claim for declaratory relief, the Magistrate Judge found that Plaintiff was seeking to have this Court make declarations regarding the application of various laws to issues already decided by the state courts. Ultimately, the Magistrate Judge concluded that because all of Plaintiff's claims in the present case were "available" to him in the prior state court litigation, his present claims are barred by the doctrine of res judicata or claim preclusion.

Plaintiff filed rather lengthy objections to the Magistrate Judge's Report and Recommendation challenging the Magistrate Judge's interpretation of the facts. Plaintiff also argues that his FHA retaliation claim was unavailable to him during the prior state court litigation because there were insufficient facts in the record for Plaintiff to establish standing to sue and insufficient facts to plead an FHA retaliation claim. Finally, with the regard to Plaintiff's request for declaratory relief, Plaintiff argues the claims are not barred because the requested federal declaratory judgments arise from post-2012 legal opinions which are adverse to the conclusions of law stated in the final order, arise from internal contradictions of law stated in the state court final order, or conflict with statutory law. The question for this Court is whether the claims in the present case arise out of the same transaction or series of transactions as the claims resolved in the prior judgment. *See Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999).

To support his argument that insufficient facts existed to establish standing and plead an FHA retaliation claim, Plaintiff relies on alleged harassment by two HOA board members, Cartman and Fletcher, that took place after the state court proceedings ended. However, Cartman and Fletcher are not parties to this case and Plaintiff has failed to set forth sufficient facts to state a plausible claim that Cartman and Fletcher were acting as agents or on behalf of the ICHOA when

they allegedly damaged Plaintiff's irrigation system, threw hypodermic needles on his lawn, and threw eggs at Plaintiff's car.  The only alleged retaliatory conduct set forth in Plaintiff's amended complaint that could arguably be attributed to the ICHOA is that the ICHOA retaliated against Plaintiff by seeking to collect attorney's fees and Architectural Review Board fines, which were awarded in the prior state court action.   Therefore, the Court will not consider Plaintiff's allegations of harassment by Cartman and Fletcher when determining whether the claims in the present case arise out of the same transaction or series of transactions as the prior state court action.

From a review of the entire record, including Plaintiff's amended complaint [ECF No. 21], ICHOA's amended answer and counter claim in the state court case [ECF No. 45-13], Plaintiff's answer to ICHOA's counter-claim in the state court case [ECF No. 45-4], and the final order in the state court case [ECF No. 45-16], it is clear that Plaintiff, through the instant action, is attempting to collaterally attack or re-litigate the state trial judge's award of attorney's fees and assessment of Architectural Review Board fines.  Plaintiff's FHA retaliation claim was available to Plaintiff in December of 2011 when he filed his answer and counter-claim to ICHOA's counter-claim.  In the present case, Plaintiff "seeks to enjoin the IHOA Defendant from collecting the $7356[2] it seeks from Plaintiff which is actually retaliation." [Amended Complaint, ECF No. 21].  In his December 20, 2011 answer and counter-claim, Plaintiff alleged that ICHOA's "Counter-Complaint," which sought attorney's fees, costs, and Architectural Review Board fines, was "filed to harass the Plaintiff and for other improper purpose." [Plaintiff's answer and counter-claim, ECF No. 45-4].  The Court agrees with the Magistrate Judge that "[t]he harassment and improper purpose allegations raised by

---

[2] The final order in the state court action awarded ICHOA $5,000.00 in attorney's fees and $2,326.00 in Architectural Review Board fines.

the Plaintiff in his 'counterclaim,' which the state court allowed as an amendment to his complaint, is the same argument he relies on here with respect to his retaliation claim." [Report and Recommendation, ECF No. 68, at 11].  Plaintiff's FHA retaliation claim is barred by the doctrine of res judicata or claim preclusion because Plaintiff's claim - that the ICHOA was retaliating against him in its efforts to obtain attorney's fees and Architectural Review Board fines - was available to him during the prior state court action.

As to his request for declaratory relief, Plaintiff's argues that res judicata does not apply because either: 1) there was no actual adjudication answering some of the questions actually posed; 2) there have been ensuing legal opinions offering a different conclusion than that offered by the special referee; or 3) the state court final order, itself, introduced questions about the legal rights and obligations between the parties which were not present before the order.  As to Plaintiff's first point, Plaintiff argues res judicata does not apply because declaratory questions that were raised in the prior state court action were not answered.  As to Plaintiff's second point, Plaintiff argues that res judicata does not apply because legal opinions issued after the final order call some of the state trial judge's findings into question.  As to the third point, Plaintiff contends the final order itself muddied the water and raised new questions regarding the rights and obligations of the parties.  Again, Plaintiff is attempting to litigate or re-litigate issues or claims that were available to the Plaintiff in the prior state court action. The Magistrate Judge provided a detailed comparison between the declaratory relief sought in the instant case with the issues addressed in the trial judge's final order in the prior state court action.  In this case, Plaintiff seeks a declaratory judgment regarding: 1) voting lists; 2) Plaintiff's membership in the ICHOA; 3) the requirement to pay assessments; 4) parking restrictions; and 5) the proper entity.  Each of Plaintiff's requests for declaratory relief in

this case arise out of the same transaction or series of transactions as the prior state court action and was addressed in some form or fashion in the state court final order.  "Res judicata ensures finality of decisions." *Brown*, 442 U.S. at 131.  The prior state court action resulted in a final decision on the merits, the parties are identical, and the claims in this matter are based upon the same causes of action involved in the earlier proceeding.  The claims were available to Plaintiff in the prior litigation. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceed.").  Therefore, Plaintiff's claims for declaratory relief in this case are barred by the doctrine of res judicata or claim preclusion.

## Conclusion

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case.  The court has reviewed Plaintiff's objections and finds that they are without merit.  The court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [ECF No. 68] of the Magistrate Judge.

Accordingly, Defendant's [ECF No. 45] motion to dismiss for failure to state a claim is **GRANTED**.  This case is hereby **DISMISSED with prejudice.**  Plaintiff's [ECF No. 50] motion to disqualify McNair Law Firm and Plaintiff's [ECF No. 53] motion to compel HOA Attorney to Use U.S. Post Office Counter Service to Serve Pleadings are **DENIED as MOOT**.

**IT IS SO ORDERED.**

March 27, 2017                                                          s/ R. Bryan Harwell
Florence, South Carolina                                            R. Bryan Harwell
                                                                                  United States District Judge