UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ronald Jarmuth, ) | Civil Action No.: 4:16-cv-00242-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| The International Club Homeowners ) | |
| Association, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on Plaintiff's [ECF No. 78] Rule 60(b)(6) motion for reconsideration of the Court's Order adopting the Magistrate Judge's Report and Recommendation and dismissing this case. While Plaintiff brings the motion under Rule 60(b)(6), the motion could also be construed as a timely Rule 59(e) motion to alter or amend a judgment. Accordingly, the Court will consider the motion under both Rule 59(e) and Rule 60(b)(6). For the reasons stated below, the Court denies Plaintiff's motion for reconsideration.[1]

On March 27, 2017, the Court entered an Order adopting the Report and Recommendation of the Magistrate Judge and dismissed this case with prejudice on the basis of res judicata or claim preclusion. Specifically, the Court found Plaintiff's FHA retaliation claim was barred by the doctrine of res judicata or claim preclusion because Plaintiff's claim - that the Defendant International Club Homeowners Association ("ICHOA") was retaliating against him in its efforts to obtain attorney's fees and Architectural Review Board fines - was available to him during the prior state court action. To the extent Plaintiff attempted to claim FHA retaliation based on alleged

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

harassment by Cartman and Fletcher, the Court held that Cartman and Fletcher were not parties to this case and there were insufficient facts to state a plausible claim that Cartman and Fletcher were acting as agents or on behalf of the ICHOA when they allegedly damaged Plaintiff's irrigation system, threw hypodermic needles on his lawn, and threw eggs at Plaintiff's car.  The Court also found that Plaintiff's claim for declaratory relief was barred by res judicata or claim preclusion because the claims were available to Plaintiff in the prior state court litigation.

Motions to alter or amend under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.).  The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening *change in controlling* law; (2) on account of *new* evidence; or (3) "*to correct* a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added).  Rule 59 motions "may not be used to make arguments that *could have been made before the judgment was entered*." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (emphasis added).  Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Rule 60(b)(6) is a catchall provision which allows a court to grant relief from a final judgment where there is "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). This relief, however, may only be granted in situations involving extraordinary circumstances. *Ackermann v. United States*, 340 U.S. 193, 202 (1950)*; Dowell v. State Farm Fire and Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir.1993).

"Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claims are barred "only when three elements are satisfied: 1) the prior judgement was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding." *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999). "[T]he appropriate inquiry to determine whether causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation 'arises out of the same transaction or series of transactions as the claim resolved in the prior judgment.'" *Pittston*, 199 F.3d at 704.

Plaintiff argues that the ICHOA's demand for attorneys' fees and Architectural Review Board fines in the prior state court action constitutes FHA retaliation and that his FHA retaliation claim was unavailable to him in the prior state court action. The state court awarded the ICHOA $5,000.00 in attorneys' fees and Architectural Review Board fines in the amount of $2,326.00. Despite Plaintiff's claims that the demand for attorneys' fees and Architectural Review Board fines constituted FHA retaliation, the propriety of the award of those fees and fines has been adjudicated by a court of competent jurisdiction and cannot be raised again here. Moreover, the FHA retaliation claim was available in the prior state court action in that Plaintiff claimed in the prior state court action that the request for attorneys' fees and fines was a form of harassment. Plaintiff's claim of FHA retaliation in this case is nothing more than an attempt to collaterally attack the state court's award of attorneys' fees and Architectural Review Board fines. Therefore, Plaintiff's FHA

3

retaliation claim is barred by the doctrine of res judicata.

Plaintiff alleges that on September 30, 2010, Cartman (a member of the ICHOA Architectural Review Board and one of Plaintiff's neighbors) drove a stake into Plaintiff's lawn irrigation system. Plaintiff also alleges that on November 16, 2010, Cartman threw a number of used hypodermic needles onto Plaintiff's yard. Because these alleged incidents occurred more than five years before this action was filed, Plaintiff's claim of FHA retaliation based on Cartman's alleged actions is barred by statute of limitations. *See* 42 U.S.C. § 3613. This claim is also barred by the doctrine of res judicata because the claim was available to Plaintiff during the pendency of the state court action. Finally, Plaintiff's amended complaint fails to state a plausible claim that Cartman, who is also Plaintiff's neighbor, was acting as an agent or on behalf of the ICHOA when he allegedly threw used hypodermic needles onto Plaintiff's yard or drove a stake into Plaintiff's lawn irrigation system.

Plaintiff also alleges that Fletcher, the ICHOA Board Treasurer and one of Plaintiff's neighbors, drove past Plaintiff's house and threw eggs at Plaintiff's property. The amended complaint states: "On November 13, 2014, Plaintiff's video surveillance cameras caught what Plaintiff believes is William Fletcher, the IHOA Board Treasurer, driving past Plaintiff's driveway and throwing eggs at Plaintiff's vehicle and property. On January 29, 2016, more eggs were thrown at Plaintiff's vehicle and property but this time the individual was apparently aware of the surveillance cameras and hid behind a hedge while throwing." [Amended Complaint, ECF No. 21 at 8].

As to the eggs thrown on January 29, 2016, Plaintiff's Amended Complaint indicates that he does not know the identity of the individual who threw eggs on that date. Accordingly, Plaintiff

4

cannot maintain an FHA retaliation claim against the ICHOA based on that incident.

With respect to the eggs thrown on November 13, 2014, Plaintiff cannot state a plausible FHA retaliation claim as to that incident because too much time has elapsed between the alleged protected activity (filing a complaint with SCHAC in 2009) and the alleged retaliatory act (throwing eggs in 2014). To state a claim for retaliation under the FHA, Plaintiff must establish that (1) he was engaged in protected activity; (2) ICHOA was aware of that activity; (3) ICHOA took adverse action against him; and (4) a causal connection exists between the protected activity and the asserted adverse action. *Hall v. Greystar Mgmt. Servs., L.P.*, 637 Fed. Appx. 93, 98 (4th Cir. 2016) (unpublished). The five-year gap between the alleged protected activity and retaliatory act is far too remote to establish a causal connection. *See Hooven-Lewis v. Caldera*, 249 F.3d 259, 278 (4th Cir. 2001) ("A six month lag is sufficient to negate any inference of causation."); *Pepper v. Precision Valve Corp.*, 526 F. App'x 335, 337 (4th Cir. 2013) (finding ten-month lapse insufficient to establish causation) (unpublished); *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (three—month period insufficient); *Hughes v. Derwinski*, 967 F.2d 1168, 1174-1175 (7th Cir. 1992) (four—month period insufficient).

Plaintiff's amended complaint also fails to state a plausible claim that Fletcher, who is also Plaintiff's neighbor, threw eggs at Plaintiff's property while acting as an agent or on behalf of the ICHOA.

Plaintiff requests that he be allowed to amend his complaint to add Cartman and Fletcher as parties to this litigation. However, Plaintiff has already been permitted to amend his complaint during this case; and, as discussed above, any further amendment to add Cartman and Fletcher as parties would be futile. Plaintiff's request to amend at this late date, after the case has been

5

dismissed with prejudice, is denied.

Finally, with respect to Plaintiff's claim for declaratory relief, as indicated in this Court's Order dismissing this case, each of Plaintiff's requests for declaratory relief in this case arise out of the same transaction or series of transactions as the prior state court action. *See* [Report and Recommendation, ECF No. 68 at 11-14]. Each request for declaratory relief was addressed in some form or fashion in the state court final order. It is evident from Plaintiff's voluminous filings that he is simply attempting to collaterally attack an adverse state court judgment.

In conclusion, Plaintiff's claims in this case are barred by the doctrine of res judicata or claim preclusion. Plaintiff has failed to establish an adequate basis for relief under either Rule 59(e) or 60(b)(6). Accordingly, Plaintiff's [ECF No. 78] motion for reconsideration is **DENIED**.

IT IS SO ORDERED.

| | |
|---|---|
| March 12, 2018 | s/ R. Bryan Harwell |
| Florence, South Carolina | R. Bryan Harwell |
| | United States District Judge |